FILED

JUN 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LARRY I. NEWKIRK; RUTH A. NEWKIRK,

Plaintiffs - Appellants,

v.

CONAGRA FOODS INC., a Delaware corporation; CHR HANSEN INC.,

Defendants - Appellees.

No. 10-35643

D.C. No. 2:08-cv-00273-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted June 6, 2011

Seattle, Washington

Before:    W. FLETCHER and RAWLINSON, Circuit Judges, and
    GONZALEZ, Chief District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Irma E. Gonzalez, Chief District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Larry Newkirk appeals the district court's order excluding his proffered expert testimony and granting summary judgment to defendants ConAgra and Chr. Hansen. We affirm.

Under *Daubert v. Merrell Dow Pharmamaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the district judge has a "gatekeeping role" and must exclude expert scientific testimony that is not sufficiently reliable under Fed. R. Evid. 702. Expert scientific testimony is inadmissible if there is "too great an analytical gap between the data and the opinion offered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). We review the district court's decision on the admissibility of an expert's opinion for abuse of discretion. *Id.* at 142-43.

The district court found that Dr. Egilman's opinion rested on the foundational assumption that the vapors emitted when microwave popcorn is popped are similar to the vapors emitted from large vats of butter-flavored topping slurry at popcorn factories. Studies at popcorn plants did not conclusively show whether workers with no exposure to slurry vapors developed bronchiolitis obliterans. Additionally, one study suggested that chemicals released when microwave popcorn is popped inhibit the absorption of diacetyl, the likely causal agent for bronchiolitis obliterans. Dr. Egilman did not sufficiently justify his foundational assumption or refute the contrary record evidence. Moreover, as the

2

district court observed, there were problems with Dr. Egilman's and William Ewing's estimates of Newkirk's exposure levels. In light of these concerns, we hold that the district court did not abuse its discretion in concluding that the "analytical gap between the existing data and the opinion Dr. Egilman proffers" was too large. *See Joiner*, 522 U.S. at 146.

Because Dr. Egilman could not establish that diacetyl in microwave popcorn vapors was generally capable of causing bronchiolitis obliterans, he could not rely on a differential diagnosis to establish that exposure to microwave popcorn had caused Newkirk's medical problems. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1057-58 (9th Cir. 2003). We therefore affirm the exclusion of all of Dr. Egilman's testimony.

Drs. Pue and Parmet did not offer any opinion on whether diacetyl in microwave popcorn vapors is generally capable of causing bronchiolitis obliterans. Moreover, Dr. Pue's and Dr. Parmet's specific causation opinions failed to consider several known causes of bronchiolitis obliterans. Those opinions were therefore not admissible to show general or specific causation.

Without the proffered expert testimony, Newkirk cannot show that ConAgra and Chr. Hansen caused his disease. Because we affirm the exclusion of that

3

testimony, we also affirm the district court's grant of summary judgment to defendants.

**AFFIRMED.**